CRAIG and Another *v.* GLASS.

No legal judgment can be rendered on a cognovit unless the defendant appear either in person or by attorney, or there has been service of process, or of notice, in some mode prescribed by law.

A defendant, filing a cognovit, cannot authorize a clerk of the Circuit Court to enter an appearance for him, though he be an attorney at law.

ERROR to the Ohio Circuit Court.

*Friday, June 2.*

SMITH, J.—On the 3d of *June,* 1846, *James D. Glass,* by his attorney, filed a declaration against *William H. Craig* and *Jonathan Hunt,* in the Ohio Circuit Court, upon a promissory note for the payment of 571 dollars and 71 cents, together with the following instrument in writing:

"*James D. Glass* v. *William H. Craig* and *Jonathan Hunt.*—Debt. Come said defendants in their own proper persons, and waive the service of process in this action, and confess the same and the debt in plaintiff's declaration set forth, and hereby confess judgment for the sum of 571 dollars and 71 cents, together with interest thereon at the rate of 6 *per cent. per annum* from the 12th day of *May,* 1846, until judgment shall be entered, and we hereby authorize and direct the clerk of said Court, at said term, to enter up judgment against us for said sum, interest, and costs of suit, and we agree that no bill in equity shall be filed, nor appeal taken, and we hereby waive all error. Witness our hands this 12th day of *May,* 1846.                              "*William H. Craig,*
"*Jonathan Hunt.*"

Thereupon, the Court rendered judgment against the plaintiffs in error for the amount of the note and interest due upon it.

This judgment is liable to the same objection as that in the case of *Ferrand et. al.* v. *McClease,* decided at the present term. There was no appearance by the defendants to give the Court jurisdiction. Such an appearance must be made by the parties in person, or by their attorneys at law, duly authorized. If the instrument filed could be construed to intend that the clerk of the Court should be authorized to enter such an appearance for the

May Term,
1848.

THE STATE
v.
YOUMANS.

defendants, that officer, though he may be also an attorney-at-law, is prohibited by the statute from practising in the Court of which he is clerk.   R. S. p. 661.

*Per Curiam.*—The judgment is reversed with costs, &c.

*J. S. Watts*, for the plaintiffs.

*J. D. Glass*, for the defendant.