COONLEY v. TRACY and Another.

A judgment against a defendant upon a warrant of attorney will be held to be erroneous, unless the record shows that he appeared to the action in person or by attorney, or process was served upon him, or he was notified in some mode prescribed by law.

The provisions of s. 339, c. 40, R. S. 1843, are applicable only where there is an action pending against the defendant, and he appears at the time when he offers and consents in writing that judgment may be entered against him.

ERROR to the *St. Joseph* Circuit Court.

DAVISON, J.—*Tracy* and *Allen*, at the *March* term, 1847, filed their declaration in the *St. Joseph* Circuit Court against the plaintiff in error, upon a promissory note for the payment of 505 dollars and 37 cents. To the declaration was attached the following instrument in writing:

"I confess that I owe to the above-mentioned plaintiffs the sum of 505 dollars and 37 cents, being the debt by them in their declaration in this behalf demanded, and that said plaintiffs have sustained damage to the amount of 157 dollars and 10 cents, by reason of the detention thereof, besides their costs and charges in this behalf to be taxed by the clerk. And in case I shall make default in the payment of said debt, damages, and costs, on the first day of the next term of the said *St. Joseph* Circuit Court, to be holden in the court house at *South Bend*, commencing on the 29th day of *March*, 1847, the said plaintiffs shall be at liberty on the first, or any subsequent day of said term, to enter up judgment in said Court against me for said sum of 505 dollars and 37 cents, in debt, and said sum of 157 dollars and 10 cents, in damages, together with the costs as aforesaid, and also the costs of entering up such judgment and suing out execution thereon. Witness my hand and seal this 29th day of *January*, 1847. *Benj. Coonley*, [seal]. Attest, *E. B. Crocker*."

The execution of the above instrument was, upon the filing of the declaration, duly proved by the attesting wit-

*Saturday,
May 28.*

May Term,
1853.

COONLEY
v.
TRACY.

ness thereto; and thereupon the Court gave judgment against the plaintiff in error for 662 dollars and 47 cents.

The record does not show that the defendant appeared, or that process had been served upon him.

In *Craig* v. *Glass*, 1 Ind. 89, it was held that "no legal judgment can be rendered on a cognovit, unless the defendant appear either in person or by attorney, or there has been service of process or notice in some mode prescribed by law."—*Ferrand* v. *McClease, id.* 87.

We are referred to s. 339, c. 40, R. S. 1843, which enacts that, "In any action founded on any judgment, decree, or express or implied contract, and in actions appealed from the decision of a justice of the peace, the defendant may offer and consent in writing, that judgment may be entered against him by confession for a specified sum; and such offer and consent in writing shall be entered on the record, and the time designated thereon when such offer was made," &c.

The defendants contend that the instrument appended to the declaration was an offer and consent in writing, &c., to confess judgment for a specified sum, within the meaning of the above section; and that an appearance was not requisite to give validity to a judgment rendered in the mode therein prescribed. We think they are mistaken. The section referred to evidently contemplates a pending action against the defendant, and his appearance therein, at the time he "may offer and consent in writing," &c.

This judgment cannot be sustained. It is liable to the same objection pointed out in *Craig* v. *Glass*, and *Ferrand* v. *McClease, supra*, and must, upon the authority of these cases, be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. A. Liston*, for the plaintiff.

*E. B. Crocker*, for the defendant.